Argued April 22; affirmed May 19, 1936

# WINTERS *v.* BISAILLON
## (57 P. (2d) 1095)

C. M. *Hodges,* of Portland (Hodges & Gay, of Portland, on the brief), for appellant.

*W. H. Morrison,* of Portland (Maguire, Shields & Morrison, of Portland, on the brief), for respondent.

BELT, J. This action arose out of a collision between an automobile and an ambulance, in which plaintiff asserts that injury resulted to his person and property. Plaintiff filed an action to recover damages to his ambulance and a separate action for personal injuries. The personal injury case was tried first, resulting in a verdict for the defendant, and judgment was entered in accordance therewith. In the personal injury action, defendant did not question plaintiff's injuries as a result of the collision. The sole issues pertained to the alleged negligence of the defendant and the alleged contributory negligence of the plaintiff.

The plaintiff thereafter proceeded with the prosecution of the action for damages to his ambulance—under

the same allegations of negligence. Defendant joined issue denying the negligence charged and alleging, as an affirmative defense, contributory negligence as set forth in the prior action. As a second further and separate answer, the defendant alleged in substance and "by way of plea in bar":

(1) That plaintiff had commenced an action for damages against the defendant in the circuit court for personal injuries which arose out of the same accident, as set forth in the complaint;

(2) That "no issue was made of the personal injuries sustained by plaintiff" and the cause was submitted to a jury resulting in a verdict for the defendant;

(3) That judgment was entered in accordance with the verdict and is now a valid and subsisting judgment;

(4) "That each and every material issue and allegation of law and fact set forth in plaintiff's complaint was and could have been made an issue of law and fact in said action brought by plaintiff against this defendant"; and

(5) "That by reason of said action and the *adjudication* thereof and the judgment entered therein, plaintiff is barred from instituting or maintaining this proceeding." (Italics ours.)

Plaintiff filed a general demurrer to the above second and further answer but, upon the same being overruled, filed a reply. The cause was submitted to the court without a jury and thereafter findings of fact, conclusions of law and judgment were entered in favor of the defendant. The trial court, as shown by its findings, was of the opinion that the issues of negligence and contributory negligence had been previously adjudicated in favor of the defendant and that plaintiff had been given his day in court.

The principal contention of the plaintiff on this appeal is that the actions for damages to his person and to his property are separate and distinct and that a judgment in the prior personal injury action is not a bar to the prosecution of the subsequent action.

■ We agree with the plaintiff-appellant that, under section 1-811 (subdivision 8), Oregon Code 1930, plaintiff was not compelled to join the actions, although he could have done so. The above section provides:

"The plaintiff may unite several causes of action in the same complaint when they all arise out of:

\*     \*     \*     \*     \*

"8. Injuries both to the person and property, when caused by the same wrongful act or omission."

Notwithstanding the majority of courts hold that there is only a single action where injury to person and property results from the same tort (see cases in note 64 A. L. R. 663), the legislative intent in this state is clear that separate and distinct actions may be maintained. Permission under the statute to join the actions does not mean that it is mandatory to do so.

■■ Since, under the statute, separate actions may be brought to recover for injury to person and to property, the judgment rendered in the personal injury action is not an absolute bar to the prosecution of the action for injury to the ambulance. Nevertheless, the former adjudication is conclusive as to the material issues of fact actually litigated in the prior action. Apparently plaintiff has misconceived the ruling of the court based on former adjudication of the vital issues of negligence. The verdict reached in the personal injury case was necessarily predicated upon the finding either that plaintiff was guilty of contributory negligence or

that defendant was not negligent, in view of the fact that the uncontradicted evidence showed that plaintiffs injuries were the proximate result of the accident. This is the only reasonable deduction that can be made from the record before us. As stated in Freeman on Judgments (5th Ed.) § 693:

"Matters which follow by necessary and inevitable inference from an adjudication because the judgment could not have been rendered without determining them are as effectually concluded thereby as though specifically and in terms adjudicated."

A finding in favor of the defendant on either issue of negligence would be fatal to the cause of the plaintiff.

■ The precise question is therefore presented: Will an adjudication of the issues of negligence in an action for personal injuries bind the same parties on the same issues in a subsequent action for property damage arising out of the same accident? We answer in the affirmative. The rule is thus well stated by Mr. Justice Robert S. Bean in *Ruckman v. Union Railway Co.*, 45 Or. 578 (78 P. 748, 69 L. R. A. 480):

"It is settled law in this state, as elsewhere, that a judgment or decree rendered upon the merits is a final and conclusive determination of the rights of the parties, and a bar to a subsequent proceeding between them upon the same claim or cause of suit, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected therewith, either as a matter of claim or defense (Neil v. Tolman, 12 Or. 289, 7 Pac. 103; Morrill v. Morrill, 20 Or. 96, 25 Pac. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95; Belle v. Brown, 37 Or. 588, 61 Pac. 1024; White v. Ladd, 41 Or. 324, 68 Pac. 739, 93 Am. St. Rep. 732), but that when the action is upon a different claim or demand the former judgment can only operate as a bar or an estoppel as against matters actually litigated

or questions directly in issue in the former action: Barrett v. Failing, 8 Or. 152; Applegate v. Dowell, 15 Or. 513 (16 Pac. 651); La Follett v. Mitchell, 42 Or. 465 (69 Pac. 916, 95 Am. St. Rep. 780); Caseday v. Lindstrom, 44 Or. 309 (75 Pac. 222); Gentry v. Pacific Livestock Co., 45 Or. 233 (77 Pac. 115). This distinction should always be kept in mind in considering the effect of a former judgment or decree. If the second action or defense is upon the same claim or demand, the former judgment is a bar not only as to matters actually determined, but such as could have been litigated; but, if it is upon another claim or demand, the former judgment is not a bar, except as to questions actually determined or directly in issue.''

To the same effect see *First National Bank v. Buckland,* 130 Or. 364 (280 P. 331); *Beezley v. Astoria,* 126 Or. 177 (269 P. 216, 60 A. L. R. 504), and *Cromwell v. Sac County,* 94 U. S. 351 (24 L. Ed. 195). If the rule were otherwise, one jury might find the defendant not guilty of negligence in the action for personal injuries while another jury, under the same issues, in an action for injury to property, would find the defendant negligent—a manifest absurdity. In the instant case, the judgment in the prior action operates as a bar or estoppel precluding plaintiff from asserting defendant's negligence or his own freedom from contributory negligence. Plaintiff is bound by the adjudication of these material issues in the prior action. He is not entitled to another day in court on the same issues.

*Pratt v. Vaughn,* 2 Cal. App. (2d) 722 (38 P. (2d) 799), is in point. In that case the court thus quoted from previous decisions:

'' 'There is a clear difference between the effect of a judgment as a bar to a subsequent action of an identical nature, and the effect of a decision upon issues in controversy when such decision is pleaded, not as a bar to a subsequent action of an identical nature, but

only as an estoppel against further litigation of those issues.' Detwiler v. Clune, 77 Cal. App. 562, at page 575, 247 P. 264, 269. 'Treated from the standpoint of its use as a piece of evidence, it (a former judgment) may be produced when specifically pleaded as an estoppel * * * as evidence of some material fact in the cause of action on trial, the truth of which both parties are estopped from denying. * * * The judgment gives an indefinite life and irrebuttable probative force to any fact found by the judgment to be true.' Estate of Clark, 190 Cal. 354, at page 361, 212 P. 622, 625. The judgment in the municipal court action operated as an estoppel to preclude this appellant from contending to the contrary of those matters of fact, to wit, the issues of negligence and contributory negligence, which were put in issue and solemnly found against him. Koehler v. Holt Mfg. Co., 146 Cal. 335, 80 P. 73.''

Also see *Freitag v. Renshaw*, 9 N. J. Misc. 1161 (157 Atl. 455), and *Carter v. LaDee Logging Co.*, 142 Or. 439 (18 P. (2d) 234, 20 P. (2d) 1086), wherein the same legal principle is declared.

■ The doctrine of res adjudicata rests upon the two maxims that "A man should not be twice vexed for the same cause" and that "It is for the public good that there be an end to litigation". It is broad enough to include "merger in judgment" and "estoppel by judgment", as both are grounded upon the same fundamental precepts that it is for the benefit of society that there be an end to litigation and that no litigant should be vexed twice over the same dispute.

■ We think the second further and separate answer is not subject to the criticism that it is limited to a plea of "merger in judgment". Since plaintiff pleaded over, the answer is entitled to every reasonable intendment. Defendant pleaded the ultimate facts, showing:

(1) A former action between the same parties before a court of competent jurisdiction;

(2) The determination of certain issues—viz., negligence and contributory negligence;

(3) Judgment in favor of defendant which is still in force and effect.

That the pleading is sufficient, see *Coca-Cola Co. v. Pepsi-Cola Co.,* (Del.) 172 Atl. 260, and 34 C. J. 1059, 1060.

. ■ There is no merit in the contention that the findings are insufficient to support the judgment. Plaintiff made no timely request for special findings. Cases cited by appellant were decided prior to amendment of the statute. (§ 2-502, Oregon Code 1930) in 1927. See later case of *DuMond v. Byron Jackson Co.,* 139 Or. 57 (6 P. (2d) 1096), decided after the amendment. This decision is adverse to the contention of the appellant herein.

The judgment of the lower court is affirmed.

CAMPBELL, C. J., and BEAN and KELLY, JJ., concur.