BANKSTON,
*Appellant,*

*v.*

HOOPER, et al,
*Respondent.*

(No. A7901-00019, CA 15329)

611 P2d 1179

Richard J. Geisert, Lake Oswego, argued the cause for appellant. With him on the briefs was James A. Cox, Lake Oswego.

[431]

Randolph C. Foster, Portland, argued the cause for respondent. With him on the brief were Richard E. Alexander and Stoel, Rives, Boley, Fraser and Wyse, Portland.

Before Richardson, Presiding Judge, Thornton and Buttler, Judges, and Howell, Judge Pro Tempore.

RICHARDSON, P.J.

BUTTLER, J., dissenting opinion.

## RICHARDSON, P.J.

Plaintiff brought this action to recover a debt owed by defendant to plaintiff's assignor. Defendant moved for summary judgment on the ground that the action was barred by res judicata, because of an earlier breach of contract action between the parties. The motion was granted and plaintiff appeals. We affirm.

The parties filed Stipulated Facts which establish the following. In 1974, plaintiff, his wife and defendant entered into a contract under which defendant was to construct a residence for plaintiff. Plaintiff terminated the contract after disputes arose. In March, 1975, plaintiff paid $5,219.16 to West Coast Orient Company (West Coast), which was the amount defendant owed West Coast for lumber West Coast had sold defendant in connection with the residence construction project.[1] Plaintiff then received an assignment from West Coast of defendant's debt for the lumber. West Coast had not filed a mechanic's or materialmen's lien notice, and, according to the stipulation, "a valid lien could not have been filed because of the lapse of time and/or because the creditor had not given proper written notice to the owner of the delivery of materials to be used in the construction."

In February, 1976, plaintiff, with his wife as co-plaintiff, brought his first action against defendant, alleging breach of the construction contract. The plaintiffs sought damages of $25,000, which included a claim based on defendant's failure "to pay certain workmen and materialmen" as well as other claims arising out of defendant's performance under the contract. The Stipulated Facts recite that

"[t]he amount plaintiff paid to West Coast Orient Company to pay off [defendant's] debt was included as part of the recovery sought by plaintiff * * *."

---

[1] Although the parties' stipulation does not state that the lumber was provided in connection with the construction of the residence, plaintiff's brief states "* * * the lumber bill was for lumber used by defendant * * * to construct the [plaintiffs'] home. * * *"

At trial, defendant requested and the court gave an instruction to the jury that, if plaintiff acted as a volunteer in paying the debt defendant owed West Coast, the plaintiffs were not entitled to recover the amount of the debt in the action. Defendant argued to the jury that plaintiff's payment of the debt was a noncompensable voluntary act. Defendant made no other argument and presented no evidence in connection with the payment of the debt. The jury awarded damages to the plaintiffs, the sum of which was less than the amount plaintiff had paid to West Coast.

Plaintiff filed the present action in 1979. His principal argument on appeal is that this action is not barred by res judicata because his present cause of action to recover an assigned debt is different from the breach of contract cause of action through which he sought to recover the amount of the debt in the prior litigation. The thrust of plaintiff's reasoning is that his first action was based on a contract between him and defendant for the construction of a house, while the present action is based on a contract between defendant and plaintiff's assignor West Coast.

In *Dean v. Exotic Veneers, Inc.*, 271 Or 188, 531 P2d 266 (1975), the Supreme Court quoted from an earlier decision:

" 'In applying the doctrine of *res judicata* it is necessary first to determine whether the second action is upon the same cause of action as the first or whether the two actions are upon different causes of action. If the second action is upon the same cause of action the judgment in the first action is conclusive as to all matters which were litigated or which might have been litigated in the first action. If the second action is upon a different cause of action, the judgment in the first action is conclusive only as to the matters essential to the judgment which were actually litigated and determined therein. * * *' " 271 Or at 191-92

[434]

The court then stated:

"* * * As permissible joinder of requests for various forms of relief and amendments during trial become broader and more liberal, the reasons behind res judicata dictate that parties to actions be required to make use of such liberal procedures and not be permitted to protact litigation through a multiplicity of suits or actions which can be disposed of in one proceeding. * * *

"* * * * *

"* * * To the extent that a given state of facts is susceptible to alternative interpretation and analysis, plaintiff must seek and exhaust all alternative grounds or theories for recovery in one action." 271 Or at 192, 194.

In *Troutman v. Erlandson,* 287 Or 187, 598 P2d 1211 (1979), the court stated:

"For res judicata purposes a 'claim' or 'cause of action' does not mean the particular form or proceeding by which a certain kind of relief is sought but, rather, a group of facts which entitled plaintiff to relief. * * *

"* * * * *

"* * * At the very least, *any factual basis* for relief that could have been asserted by plaintiff in the first case should not be the basis for relief in this second case.

"* * * * *

"The trend of the law in the direction which we take in disposing of this case is evident. The legislature of this state has been steadily liberalizing the rules of joinder of causes of action and of suit. *See,* Or Laws 1975, ch 158, § 1; Or Laws 1977, ch 356, § 2 (codified ORS 16.221); Or Laws 1979, ch 284, § 18. Related thereto is the abolishment of the distinction between law and equity. *See,* Rule 2 ORCP (Oregon Rules of Civil Procedure and Or Laws 1979, ch 284, § 4(2). It is reasonable to conclude that the public policy of this state encourages the disposition in one proceeding of claims between parties litigant.

"Not only is that true with respect to the statutory law of this state but of the common law generally.

This is accomplished by a fresh approach to determining what is a 'claim.' We read the American Law Institute's Tentative Draft No. 5 of March 10, 1978, Restatement (Second) of the Law of Judgments, § 61, as being in accordance with out previous decision in *Dean* and reflecting the trend of the case law. The draft sets forth its impression of the law as follows:

" 'Dimensions of "Claim" for Purposes of Merger or Bar — General Rule Concerning "Splitting"

" '(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see § § 47, 48), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

" '(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'

"'* * * * *

"Also, under Comment c. [to § 61 of the Tentative Draft]:

" 'That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, *or would call for different measures of liability or different kinds of relief* * * *.' " 287 Or at 201, 203, 204-05, 207. (Emphasis in original.)

Applying the principles expressed by the Supreme Court in *Dean* and *Troutman,* we conclude that the present action does no more than advance a different theory for relief from the theory asserted in the prior action, and that the factual basis for relief which plaintiff now alleges could have been alleged in that action. Plaintiff's payment to West Coast was part of

[436]

the transaction or series of transactions between plaintiff and defendant relating to the construction of plaintiff's residence. The lumber for which defendant was indebted to West Coast and for which plaintiff paid was obtained by defendant to perform his duties under the contract which was the subject of the first action. The theory plaintiff advanced in that action (that he was entitled to damages arising from defendant's failure to pay materialmen) and his present theory (that he is entitled to damages for a debt of defendant's which one of the unpaid materialmen assigned to him) clearly could have been litigated in one proceeding. *See* former ORS 16.220(1)(h) (the applicable joinder provision in effect at the time of the first action).

Plaintiff relies on *Spande v. Western Life Indemnity Co.,* 68 Or 171, 136 P 1189 (1913), and on later cases which cite or apply *Spande. See, e.g., McAllister v. Charter First Mortgage, Inc.,* 279 Or 279, 567 P2d 539 (1977). The court held in *Spande* that the plaintiff, who had unsuccessfully litigated a claim that an insurer had assumed its predecessor's obligation to him through a contract between the two insurers, could, under an amended complaint, litigate the issue of whether the successor had made direct representations of coverage to the plaintiff. In the present case, unlike *Spande,* plaintiff's alternative theories are not based upon separate contracts; both are based upon the obligation of defendant to West Coast. For the reasons earlier stated, the intervening assignment of that obligation by West Coast to plaintiff does not constitute or give rise to a transaction between plaintiff and defendant separate from the transaction or series of transactions involving the construction contract and the acts of the parties in connection with it.[2]

In addition to his argument that the first action and this one are based upon different claims, plaintiff

---

[2] Because this case is distinguishable, we do not consider whether *Spande,* to the extent it bears on the doctrine of res judicata, remains viable in light of *Dean, Troutman,* and other subsequent law.

[437]

contends that res judicata does not apply here because the parties to the two actions were not identical, in that plaintiff's wife was a party to the first. Plaintiff relies on the Supreme Court's statement in *Western Baptist Mission v. Griggs,* 248 Or 204, 433 P2d 252 (1967), that:

> "Both res judicata and collateral estoppel require that the parties to both actions be the same. However, an identical alignment of the parties is not required. ORS 43.150 provides that the parties are the same when those between whom the evidence is offered were adverse in the former case and a judgment could have been made between them alone, though other parties were joined. * * *" 248 Or at 209-10.

The statement does not aid plaintiff. It is obvious that a judgment based upon the assigned debt could have been entered for plaintiff and against defendant in the first action, notwithstanding the fact that plaintiff's wife was a party. *See* former ORS 16.220(1)(h), former ORS 16.220(2), and ORS 18.120.

Affirmed.

**BUTTLER,** dissenting.

If the majority are correct, we now have compulsory joinder of causes even though the legislature (former ORS 16.220)[1] and the Council on Court Procedures (ORCP 24(A))[2] have treated joinder as permissive. There will be many surprised lawyers and judges, as

---

[1] Former ORS 16.220(1) provided, in part:

"The plaintiff *may* unite several causes of action and causes of suit in the same complaint when they all arise out of:

"* * * * *." (Emphasis added.)

Former ORS 16.221(1), applicable at the time of plaintiff's first action, provided:

"A plaintiff *may* join in a complaint, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party." (Emphasis added.)

[2] ORCP 24(A) provides:

"A. Permissive joinder. A plaintiff *may* join in a complaint, either as independent or as alternate claims, as many claims, legal or equitable, as the plaintiff has against an opposing party." (Emphasis added.)

well as legislators, requiring some hasty reconnoitering to evaluate the new rule.[3]

The majority's reasoning, however, belies the foregoing result which they seem to reach. First, the majority conclude that plaintiff is wrong when he argues "that his first action was based on a contract between him and defendant for the construction of a house, while the present action is based on a contract between defendant and plaintiff's assignor West Coast." (46 Or App at 434.) They go on to elaborate that this action presents nothing more than a different *theory* for relief from the theory asserted in the prior action (46 Or App at 436), and could have been *joined* in the prior proceeding under former ORS 16.220(1)(h). (46 Or App at 437.) It follows, they say, that because the present theory could have been litigated in the first action, it is barred by *res judicata.*

Because their reasoning is confused, they reach a confusing result. If the claim presented here is not a separate and distinct cause of action, but only a different theory of recovery, there is no reason to consider the statute (or rule) permitting the joinder of causes of action or suit: there would be only one cause of action with the different theories set out in separate counts. *Cook v. Kinzua Pine Mills Co. et al,* 207 Or 34, 293 P2d 717 (1956).

The basic error of the majority lies in its major premise: that plaintiff's present claim is not a separate cause of action. It clearly is; he could have brought this action if he had never heard of defendant, much less entered into a construction contract with him. Plaintiff is asserting the rights of West Coast against defendant on an account receivable which he

---

[3] Unanswered questions flowing from the majority's analysis include: (a) must a landlord join an action for rent with an FED or be forever barred? ORCP 24(B) permits joinder; (b) Must a counterclaim be asserted by a defendant where permitted (but not required) under ORCP 22(A) or be barred? By contrast to the ORCP, the Federal Rules of Civil Procedure provide for both compulsory (FRCP 13(a)) and permissive counterclaims (FRCP 13(a)).

purchased from West Coast. The construction contract with defendant, or its breach by defendant, are immaterial to this claim. Suppose plaintiff were to reassign the account to West Coast; would West Coast, as assignee, be barred from asserting the claim against defendant because its assignor is barred from asserting it? The majority opinion would compel an affirmative answer because an assignee can have no greater rights than his assignor.

It follows that because plaintiff is now asserting a separate cause of action, " 'the judgment in the first action is conclusive only as to the matters essential to the judgment which were actually litigated and determined therein.' " *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 191-92, 531 P2d 266 (1975), quoting from *Gwynn v. Wilhelm,* 226 Or 606, 608, 360 P2d 312 (1961). The first action determined only that plaintiff was a volunteer in paying West Coast and therefore defendant's breach of the construction contract was not the cause of that element of damages claimed. That determination is irrelevant to the present cause of action to which there may be defenses, but not that one.

The language quoted by the majority from *Troutman v. Erlandson,* 287 Or 187, 598 P2d 1211 (1979), (46 Or App at 435-36) must be read in light of the facts of that case where the plaintiff was asserting in the second lawsuit a different theory of recovery arising out of his partnership with defendant. That decision is not inconsistent with my view of this case, and does not detract from the classic statement of the rules applicable to *res judicata* stated in *Dean v. Exotic Veneers, Inc., supra.*

I would reverse the summary judgment for defendant, and therefore respectfully dissent.