Argued and submitted June 4, resubmitted In Banc December 11, reversed and remanded December 19, 1984, reconsideration denied Feburary 8, petition for review denied April 16, 1985 (299 Or 37)

ANDREWS,
*Appellant,*

*v.*

CHRISTENSON et al,
*Respondents.*

(A8301-00315; CA A30482)

692 P2d 687

Garry L. Kahn, Portland, argued the cause for appellant. With him on the briefs was Emerson G. Fisher, Portland.

Mildred J. Carmack, Portland, argued the cause for respondents. On the brief were J. P. Graff and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

GILLETTE, J.

Buttler, J., dissenting.

## GILLETTE, J.

Plaintiff was injured and his car damaged in a collision with defendant Cold Box Manufacturing Company's truck, driven by defendant Christenson. Plaintiff sued defendants in Multnomah County District Court to recover the property damage to his car. The jury, by a special verdict, found that defendants were negligent, that plaintiff was not negligent and that plaintiff's damages were $387.50. Plaintiff thereafter filed this circuit court action, seeking general and special damages totalling $41,210 for his personal injuries. The court granted defendants' motion for summary judgment on *res judicata* grounds. It held that plaintiff had split his cause of action and that all of his claims arising from the. accident merged into the judgment in the property damage case. Plaintiff appeals; we reverse.

This case requires us to determine the extent to which the specific holding of a 50-year old Supreme Court opinion, based in part on a theoretical approach which that court has since abandoned, retains its precedential value. In *Winters v. Bisaillon,* 153 Or 509, 57 P2d 1095 (1936), the court held that actions for damage to the person and to property are distinct and that a judgment in one does not bar the maintenance of the other. It based its decision on Or Code 1930, § 1-811 (later OCLA § 1-911 and ORS 16.220), which permitted a plaintiff to "unite several causes of action" when they arose out of "[i]njuries both to the person and property, when caused by the same wrongful act or omission." The court recognized that its decision was a minority position, as it continued to be afterwards, *see Annots.,* 64 ALR 663, 62 ALR 2d 977, but it held that "the legislative intent in this state is clear that separate and distinct actions may be maintained." 153 Or at 512.

The interpretation of "cause of action" which the court in *Winters* attributed to the legislature is based on the view that the substantive law may give a plaintiff a number of primary rights arising from a single act of defendant and that each of those primary rights constitutes a cause of action. One commentator, writing a decade before *Winters,* took this view in defining a cause of action as

"that group of operative facts which, standing alone, would show a single right in the plaintiff and a single delict to

that right giving cause for the state, through its courts, to afford relief to the party or parties whose right was invaded. The singleness of the right and delict is determined by a study of the old remedies in connection with which the concepts as to singleness of rights and delicts developed." McCaskill, *Actions and Causes of Action,* 34 Yale LJ 614, 638 (1925). (Footnote omitted.)

Because the right to be free from bodily injury was not seen as the same as the right to be free from property damage, an invasion of each right created a separate cause of action, even if the invasions took place by the same act of the defendant. *See* Restatement (Second) Judgments, § 24 *comment a.* The statutory permission to join causes of action for personal injury and property damage in one lawsuit recognized, rather than altered, their status as separate causes of action.

The Supreme Court specifically rejected the McCaskill view of a cause of action only three years after *Winters,* at least in the context of determining whether an amended complaint substantially changed the original cause of action. Instead, the court adopted the transactional approach of Judge Charles Clark:

"The cause of action under the code should be viewed as an aggregate of operative facts which give rise to one or more relations of right-duty between two or more persons. The size of such aggregate should be worked out in each case pragmatically with an idea of securing convenient and efficient dispatch of trial business." Clark, *The Code Cause of Action,* 33 Yale LJ 817, 837 (1924), *quoted in Elliott v. Mosgrove,* 162 Or 507, 545, 91 P2d 852, 93 P2d 1070 (1939).

Although Clark was concerned primarily with pleading problems, the Restatement of Judgments, § 62, adopted an approach similar to his for determining when a plaintiff had split a cause of action for *res judicata* purposes. It specifically required a plaintiff to unite personal injury and property damage claims arising from the same automobile accident. Restatement of Judgments, § 62, Illustration 1. The Restatement (Second) of Judgments, § 24(1) is even clearer, stating that a judgment extinguishes all claims against the defendant "with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." The Reporter noted that this transactional view "comes close to Judge Clark's conception." Restatement (Second) Judgments,

§ 24, Reporter's Note to *comment a.* The most important reason for the broadening definition of a cause of action is the ability under modern procedural systems for the plaintiff to combine claims of all kinds against the defendant in one action. There is no longer any benefit from dividing one set of events into artificial units. Restatement (Second) Judgments, Introduction, 5-10, and section 24, *comment a.*

The Oregon Supreme Court did not immediately apply the Clark definition of a cause of action to *res judicata* issues. However, in three cases beginning in 1975 it adopted the transactional approach of the Restatements and required that all claims arising out of a particular set of factual circumstances be brought in a single action. *Rennie v. Freeway Transport,* 294 Or 319, 656 P2d 919 (1982); *Troutman v. Erlandson,* 287 Or 187, 598 P2d 1211 (1979); *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975). Although the court had also reaffirmed the holding of *Winters v. Bisaillon, supra,* as recently as 1971, *Gaul v. Tourtellotte,* 260 Or 14, 17, 488 P2d 416 (1971), the theoretical basis of its recent cases is inconsistent with *Winters.* The question is whether the court has impliedly overruled *Winters.*

If *Winters* were a common law decision, we would have no difficulty in saying that the recent Supreme Court cases have changed the common law so that *Winters* is no longer binding precedent. However, the Supreme Court explicitly based *Winters* on the *legislature's* intent that there be separate actions for injury to the person and to property. If so, no *judicial* change in the common law can affect the legislature's decision; we must await a legislative change or a Supreme Court redetermination of legislative intent. The Supreme Court's interpretation of a statute is "a part of the statute as if written into it at the time of its enactment." *State v. Elliott,* 204 Or 460, 465, 277 P2d 754 (1954), *cert den* 349 US 929 (1955).

Defendants point to certain legislative changes as indicating an alteration in the legislature's view. In 1973, it amended ORS 16.220 to allow a plaintiff to join "several causes of action in the same complaint" when they all arose from "[t]he same transaction or transactions or occurrence." Or Laws 1973, ch 59, § 1. However, it retained the language on which the Supreme Court had relied in *Winters.* In 1975, the

legislature again amended the statute to allow such joinder for "several causes of action and causes of suit[.]" Or Laws 1975, ch 158, § 1. In 1977, it repealed ORS 16.220 and replaced it with a provision allowing the plaintiff to join "as many claims, legal or equitable, as he has against an opposing party." Or Laws 1977, ch 356, § 2 (*codified as* ORS 16.221). Finally, in 1979, it repealed ORS 16.221 in the enactment of the Oregon Rules of Civil Procedure. Or Laws 1979, ch 284, § 199. ORCP 24A, which governs the joinder of claims, is identical in substance to *former* ORS 16.221.

■  We find nothing in this history which indicates that the legislature changed its mind about what constitutes a cause of action or what, under present rules, constitutes a claim for relief. The 1973 and 1975 amendments retained the introductory language allowing a joinder of "several causes of action." That language was part of the basis for the decision in *Winters v. Bisaillon, supra.* Allowing the joinder of multiple causes of action arising from one transaction is a very different thing from providing that the transaction itself determines the extent of the cause of action. The first accepts the McCaskill definition; the second accepts that of Clark and the Restatements. There is nothing in the 1977 change which indicates that the legislature intended to do more than provide a broader permissive joinder of claims, however they might be defined.

■  As the introduction and comments to the Restatement point out, one reason for the acceptance of the transactional basis of a cause of action is that modern procedural rules allow for broader joinder of claims than did older rules. The liberalization of Oregon's joinder rules has had no impact on the issue in this case. A plaintiff in 1936 was just as able to join claims for personal injury and property damage from a single automobile accident as today. Because it was based on a statute rather than on the common law, and because we have no basis for holding that the legislature has changed the statute in a way significant to this issue, we hold that the rule of *Winters v. Bisaillon, supra,* remains the law of Oregon. A plaintiff may bring property damage and personal injury claims separately, and the trial court erred in ruling otherwise.

Reversed and remanded.[1]

**BUTTLER, J.,** dissenting.

If we were writing on a clean slate, I would agree with the majority's conclusion, because statutorily, the joinder of "causes of action," *former* ORS 16.221, or claims for relief, ORCP 18, is permissive. ORCP 24. Strangely, the majority seems to say that it would reach the opposite result if it were not for *Winters v. Bisaillon,* 153 Or 509, 57 P2d 1095 (1936). It is apparent that we are looking at different slates.

I start with the majority's premise that *Winters* precludes the application of *res judicata* here, because the court held that the legislature intended that "separate and distinct actions may be maintained," 153 Or at 512, when injury to person and property results from the same tort. However, the sole basis for divining that legislative intent in *Winters* was section 118(8), Oregon Code 1930, which provided:

> " 'The plaintiff may unite several causes of action in the same complaint when they all arise out of:
>
> " '\* \* \* \* \*
>
> " '8. Injuries both to the person and property, when caused by the same wrongful act or omission.' " 153 Or at 512.

There was a sound basis for the court's holding, given that express statutory provision. The majority appears to believe that the holding in *Winters* is reinforced by its reaffirmance of *Winters* in *Gaul v. Tourtellotte,* 260 Or 14, 488 P2d 416 (1971). In *Gaul,* however, the court again premised its holding on the above statute, which, by that time, had been codified as ORS 16.220. 260 Or at 17.

The majority recognizes that

---

[1] Although it plays no part in our analysis, we note that our holding may not have the detrimental effects that other situations of multiple litigation have. Because the decision on negligence in the property damage case is binding in the personal injury case, *Winters v. Bisaillon, supra,* 153 Or at 513, the practical result is to provide a bifurcated trial. The first part resolves the negligence issue; the amount of property damage plays a subsidiary role. The second part decides the major damage issues. The total judicial time consumed, even if both parts are actually tried, may not be significantly greater than trying them together. In fact, it is likely that both will not be tried. If the decision in the property damage case is against the plaintiff, there can be no second trial. If it is in favor of the plaintiff, the parties may well settle the damages claim.

"* * * in three cases beginning in 1975 it [Supreme Court] adopted the transactional approach of the Restatements and required that all claims arising out of a particular set of factual circumstances be brought in a single action. *Rennie v. Freeway Transport,* 294 Or 319, 656 P2d 919 (1982); *Troutman v. Erlandson,* 287 Or 187, 598 P2d 1211 (1979); *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975). * * *" 71 Or App at 446.

It goes on to say that the theoretical basis for the court's recent cases is inconsistent with *Winters* and that, if *Winters* had not been explicitly based on the *legislature's* intent that there be separate actions for injury to person and property, it would no longer consider *Winters* as binding precedent.

It seems plain to me that the statutory predicate for the court's conclusion of what the legislature intended in this context was changed after *Winters* and *Gaul* were decided. In 1973, ORS 16.220 was amended by *deleting* the language permitting joinder of several causes of action in the same complaint when they all arise out of: "(h) injuries both to the person and property, when caused by the same wrongful act or ommission." In 1977, that statute was replaced by a more expansive provision, *former* ORS 16.221, which did not re-enact the language deleted in 1973 from *former* ORS 16.220. The present joinder provision, applicable to this case, is ORCP 24A, adopted in 1979. It provides:

> "A plaintiff may join in a complaint, either as independent or as alternate claims, as many claims, legal or equitable, as the plaintiff has against an opposing party."

Given the statutory changes that have occurred since the *Gaul* case (1971) reaffirming *Winters* (1936), it seems apparent that it is not necessary for the courts to change the law—the legislature has done it. Furthermore, ORCP 18A no longer requires that a complaint allege a "cause of action"; rather, it requires that a pleading contain "a plain and concise statement of the ultimate facts constituting a claim for relief." That language is consistent with the rationale of *Dean v. Exotic Veneers, Inc., supra,* in its application of *res judicata,* as discussed in *Troutman v. Erlandson, supra,* where the court said:

> "For res judicata purposes a 'claim' or 'cause of action' does not mean the particular form or proceeding by which a

certain kind of relief is sought but, rather, a group of facts which entitled plaintiff to relief. * * *

"* * * * *

"The trend of the law in the direction which we take in disposing of this case is evident. The legislature of this state has been steadily liberalizing the rules of joinder of causes of action and of suit. *See,* Or Laws 1975, ch 158, § 1; Or Laws 1977, ch 356, § 2 (codified ORS 16.221); Or Laws 1979, ch 284, § 18. Related thereto is the abolishment of the distinction between law and equity. *See,* Rule 2 ORCP (Oregon Rules of Civil Procedure) and Or Laws 1979, ch 284, § 4(2). It is reasonable to conclude that the public policy of this state encourages the disposition in one proceeding of claims between parties litigant.

"Not only is that true with respect to the statutory law of this state but of the common law generally. This is accomplished by a fresh approach to determining what is a 'claim.' We read the American Law Institute's Tentative Draft No.5 of March 10, 1978, Restatement (Second) of the Law of Judgments, § 61, as being in accordance with our previous decision in *Dean* and reflecting the trend of the case law. The draft sets forth its impression of the law as follows:

" 'Dimensions of "Claim" for Purposes of Merger or Bar— General Rule Concerning "Splitting"

" '(1)   When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 47,48), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

" '(2)   What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " 287 Or at 201-04.

In *Dean,* the court said:

"* * * As permissible joinder of requests for various forms of relief and amendments during trial become broader and more liberal, the reasons behind res judicata dictate that

parties to actions be required to make use of such liberal procedures and not be permitted to protract litigation through a multiplicity of suits or actions which can be disposed of in one proceeding. * * *" 271 Or at 192.

The majority recognizes that the theoretical basis of *Dean* and *Troutman* is inconsistent with *Winters,* but says that the court must follow *Winters,* because of the legislature's intent at the time that case was decided. In that conclusion, I think the majority is wrong. Not only has the statute on which *Winters* and *Gaul* are based been changed, the Supreme Court has adopted the "transactional view" of what constitutes a "cause of action," and ORCP does not use that expression, but refers to "claims for relief." The cases decided since *Gaul* have required that all claims arising out of a particular set of circumstances be brought in a single action or be barred by the doctrine of *res judicata. See Rennie v. Freeway Transport, supra; Troutman v. Erlandson, supra; Dean v. Exotic Veneers, Inc., supra.* The trial court properly applied those cases in holding that this action is barred by *res judicata.*

As I pointed out in my dissent in *Bankston v. Hooper,* 46 Or App 431, 438, 611 P2d 1179, *rev den* (1980), the upshot of these developments has resulted in the compulsory joinder of claims, notwithstanding the clearly permissive language of ORCP 18. It appears that the Supreme Court has either blended or confused the application of *res judicata* and collateral estoppel. Under the expanded "transactional view" of claims and the Supreme Court's application of *res judicata,* if a claim could have been asserted in a prior action, it is barred by *res judicata.*

The slate that I see is not clean because of the Supreme Court's decisions in *Rennie, Troutman* and *Dean* and this court's decision in *Bankston.* The majority sees a slate on which *Winters* and *Gaul* have been etched. Given my view of the slate, I would affirm; accordingly, I respectfully dissent.

Joseph, C. J., and Warden, J., join in this dissent.