Argued and submitted June 10, affirmed September 21, 1994, petition for review
allowed February 7, 1995 (320 Or 567)
See later issue Oregon Reports

Jerry Wade PETERSON,
*Appellant,*

*v.*

Edward Claude TEMPLE,
*Respondent.*

(93-1490-E-1; CA A82003)

881 P2d 833

George W. Kelly argued the cause and filed the brief for appellant.

Robert H. Grant argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

The parties submitted this case to the trial court pursuant to ORCP 66. Plaintiff appeals from the trial court's judgment determining that, having pursued to final judgment a property damages claim against defendant arising out of an automobile accident, plaintiff is barred by claim preclusion from bringing this claim for personal injuries arising out of the same automobile accident.

Relying on our opinion in *Andrews v. Christenson*, 71 Or App 442, 692 P2d 687 (1984), *rev den* 299 Or 37 (1985), plaintiff contends that the trial court erred. In *Andrews*, we held, in a 7-to-3 decision *in banc*, that a plaintiff may bring property damages and personal injury claims separately against the same defendant, and that a judgment in one does not bar the plaintiff, on claim preclusion grounds, from prosecuting the other, even if the two claims are based on the same factual transaction. We based our decision on an extensive analysis of Supreme Court decisions.

In *Winters v. Bisaillon*, 153 Or 509, 57 P2d 1095 (1936), the court had interpreted the then existing statute regarding joinder of actions, which provided, in part:

"The plaintiff may unite several causes of action in the same complaint when they all arise out of:

"1.   Contract, express or implied; or,

"2.   Injuries, with or without force, to the person; or,

"3.   Injuries, with or without force, to property; or,

"4.   Injuries to character; or,

"5.   Claims to recover real property, with or without damages, for the withholding thereof; or,

"6.   Claims to recover personal property, with or without damages, for the withholding thereof; or,

"7.   Claims against a trustee, by virtue of a contract, or by operation of law.

"8.   Injuries both to the person and property, when caused by the same wrongful act or omission.

"But the causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated."

The court held that, although the statute permitted joinder of separate causes of action for property damage and personal injury, it did not compel it, and that the permissive nature of the language of the statute indicates that the legislature intended that separate and distinct causes of action may be maintained when injury to person and property results from the same tort. However, the court also said:

> "Since, under the statute, separate actions may be brought to recover for injury to person and to property, the judgment rendered in the personal injury action is not an absolute bar to the prosecution of the action for injury to the ambulance. *Nevertheless, the former adjudication is conclusive as to the material issues of fact actually litigated in the prior action.*" 153 Or at 512. (Emphasis supplied.)

The court recognized that, despite the fact that the statute did not require that the two claims be joined, a judgment on one claim could bar the other on "*res judicata*" grounds. The court held, in fact, that the subsequent action in that case was barred by *res judicata*, because material and dispositive issues had been decided favorably for the defendant in the earlier proceeding.[1] 153 Or at 514.

The relevant statutes have been amended and renumbered. The present joinder provision, ORCP 24A, provides:

> "A plaintiff may join in a complaint, either as independent or as alternate claims, as many claims, legal or equitable, as the plaintiff has against an opposing party."

Although the rule remains permissive, rather than mandatory, it no longer makes separate mention of the different types of claims that may be joined, and states no limitation on when they may be joined.[2]

The substantive law of preclusion by former adjudication has changed as well. When *Winters* was decided, the doctrine of preclusion by former adjudication was understood

---

[1] The court's discussion is really a reference to what is now described as the issue preclusion branch of preclusion by former adjudication. *See Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990).

[2] There have been other statutory changes. Modern rules of pleading no longer refer to "causes of action," but rather require that the complaint contain "a plain and concise statement of the ultimate facts constituting a claim for relief." ORCP 18A. The change in preferred terminology does not effect a change in substance.

to encompass two concepts. If the second action was on the same claim as the first, then the former judgment was a bar to all matters that were actually determined or that could have been litigated the first time. If the second action was on a new claim, then only questions actually determined in the first action were barred. 153 Or at 514. The concept is much broader today. Beginning in 1975, the Supreme Court took a "transactional" approach to preclusion by former adjudication, the same approach taken by the *Restatement (Second) of Judgments* § 24(1). *See, e.g., Dean v. Exotic Veneers, Inc.*, 271 Or 188, 531 P2d 266 (1975); *Troutman v. Erlandson*, 287 Or 187, 598 P2d 1211 (1979). All claims against a defendant arising out of a particular set of facts must be brought in a single action. A party who has litigated a claim is barred from asserting, in a later action involving the same parties, a different claim based on the same factual transaction that gave rise to the previous claim. In *Rennie v. Freeway Transport*, 294 Or 319, 656 P2d 919 (1982), the Supreme Court took the opportunity to discuss the "transactional" view:

> "We start with the general rule, well established in this state, that a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." 294 Or at 323.

That concept, now known as "claim preclusion," *see Drews v. EBI Companies, supra*, acts as a bar to all claims against the defendant that were available against the same defendant in the former action arising from the transaction that was at issue, irrespective of whether the plaintiff actually asserted those claims in the first action. *Van De Hey v. U.S. National Bank*, 313 Or 86, 90-91, 829 P2d 695 (1992).

In *Andrews v. Christenson, supra*, the facts were much like those here. The plaintiff had been injured in a motor vehicle accident, and successfully sued for his property damages. Then, in a second action against the same defendant, he sought to recover for his personal injuries. We attempted to reconcile the apparent conflict between the rule

set out in *Winters* that actions for injury to property and to person may be brought separately, with the Supreme Court's transactional approach to claim preclusion. We reasoned that, because the decision in *Winters* was based on an interpretation of statute and the legislature's intent to permit separate actions for injury to the person and to property, no judicial decision regarding the common law rules of claim preclusion could alter it. We noted that none of the statutory amendments subsequent to *Winters* had indicated that the legislature intended to do more than provide a broader permissive joinder of claims, and that there was no expressed intention to bar claims not brought. Accordingly, we reasoned that *Rennie* and the cases on which it had relied had not altered the law so as to effect a change in the outcome required by *Winters*, and concluded that Oregon's statutes, specifically ORCP 24A, continued to permit a person to bring property damage and personal injury claims separately against the same defendant. We held that the plaintiff could bring those two types of claims separately, despite the transactional view of claim preclusion.

The question that plaintiff now puts before us is whether Supreme Court decisions subsequent to *Rennie, Drews v. EBI Companies, supra*; and *Van De Hey v. U.S. National Bank, supra*, require a change in the rule that we applied in *Andrews*. In our view, the Supreme Court has not altered its thinking on claim preclusion since our decision in *Andrews*. Recharacterizing defendant's contention, we think that the inquiries here are whether *Andrews* was correctly decided and whether there is a reason for retaining, for purposes of personal injury/property damage type claims, an exception to the general rule of claim preclusion. In our view, the rationale for the Supreme Court's decision in *Winters* no longer exists and did not exist at the time that we decided *Andrews*.

■ As Judge Buttler said in his dissent to *Andrews*, 71 Or App at 449, statutory changes in the decades subsequent to *Winters* negate the relevance of any analysis based on the legislature's intent with regard to the 1930 joinder statute. Additionally, the Supreme Court's adoption of the transactional view of claim preclusion means that any claim against the same defendant arising out of the same transaction which

is not joined in the first case is barred, despite the permissive nature of joinder under ORCP 24A. As the Supreme Court said in *Dean v. Exotic Veneers, Inc., supra:*

> "As permissible joinder of requests for various forms of relief and amendments during trial become broader and more liberal, the reasons behind res judicata dictate that parties to actions be required to make use of such liberal procedures and not be permitted to protract litigation through a multiplicity of suits or actions which can be disposed of in one proceeding. * * *" 271 Or at 192.

Judge Buttler sagely noted in his dissent in *Andrews* that the upshot of the transactional view of claim preclusion is that, notwithstanding the permissive language of ORCP 24A, joinder is not truly permissive if the plaintiff intends to bring multiple claims arising out of the same transaction. In that case, the claims must be joined, or the nonjoined claims will be barred. 71 Or App at 451. We now agree with that view. Accordingly, we affirm the trial court's ruling that, as between these parties, plaintiff's personal injury claim, which is based on the same set of facts as the earlier property damages claim, is barred. *Andrews v. Christenson, supra*, is overruled.

Affirmed.