Argued October 28, affirmed November 27, 1968

# OREGON MUTUAL INSURANCE CO., *Appellant, v.* HOLLOPETER ET AL, *Respondents.*

447 P. 2d 391

*Martin P. Gallagher*, Ontario, argued the cause for appellant. With him on the briefs were Joseph M. Imhoff and Coughlan & Imhoff, Boise, Idaho.

*Melvin L. Walter*, Ontario, argued the cause for respondents. On the brief were Taggart & Walter, Ontario.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and MENGLER, Justices.

DENECKE, J.

A liability policy issued by the plaintiff insurance company lists the defendant Theodore W. Hollopeter as a named insured. On February 10, 1967, Theodore permitted his son, defendant Teddy Hollopeter, to drive Theodore's Oldsmobile. Contrary to his father's instructions, Teddy permitted a friend, defendant Cheryle Claybaugh, to drive the Oldsmobile, with Teddy as a passenger. While driving, Cheryle collided with another vehicle, inflicting injuries upon the occupants of the other vehicle. The injured persons made

claims against the Hollopeters and they called upon the plaintiff to protect them. The plaintiff insurance company brought this declaratory judgment action to determine its obligations. The trial court held both the Hollopeters were covered against liability by plaintiff, and plaintiff appeals.

The accident occurred about 1:00 a.m., February 11, 1967. Defendant's policy expired at midnight about an hour before. Before the accident, plaintiff's agent had agreed to renew the policy, and two months after the accident a renewal policy covering the time of the accident was issued by plaintiff. The renewed policy contained a limitation, which, if applicable, probably would exclude the defendants from coverage. Neither the insurance company nor its agent informed defendants that the renewal policy would contain this limitation.

■ As to liability before the insured had notice of the renewed policy's limitation, we hold that the insurance company is estopped to deny that the coverage in the renewal policy is not similar to that in the former policy. *Bauman v. Royal Indem. Co.*, 36 NJ 12, 23, 174 A2d 585, 91 ALR2d 535 (1961), states:

> "There are many cases which hold that where an insurance company purports to issue a policy as a renewal policy without fairly calling the insured's attention to a reduction in the policy coverage, it remains bound by any greater coverage afforded in the earlier policy. * * *"

*Bauman* involved a limitation in a renewal policy which had been received by the insured prior to the loss, whereas in the instant case no renewal was issued until after the loss. The subject is annotated at 91 ALR2d 546 (1963).

Teddy resides with his father and was in the car when the accident occurred. The car was being operated for

■ The plaintiff contends that there was no coverage for the Hollopeters under the earlier policy because the Oldsmobile was being operated by a subpermittee contrary to the express orders of the named insured. The omnibus provision in plaintiff's policy provides coverage for those using the automobile with the permission of the named insured.[①] Plaintiff argues that the use was without the permission of the named insured; therefore, no coverage is provided anyone. The plaintiff is in error. The named insured does not secure his coverage under the omnibus clause. He derives his coverage from the clause which states the policy covers "the named insured." Whether the car was driven with or without his permission is completely immaterial to his coverage.

■ The coverage of the son, Teddy Hollopeter, raises more of a problem. Without deciding whether or not he is covered by the omnibus clause as contained in VI(2), we hold he is covered under VI(3). This provision provides coverage for a resident of the named insured's household while "using" the automobile.

---

[①] "VI. With respect to automobiles, the unqualified word 'insured' whenever used in or with reference to coverages afforded by Insuring Agreement 1, includes (1) the named insured and his spouse, if a resident of the same household, (2) any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, (3) if the named insured is an individual, any resident of the named insured's household while using an owned automobile or any relative who is a resident of the named insured's household with respect to a hired or nonowned private passenger automobile not regularly furnished for the use of such relative nor owned by a member of the named insured's household and any person or organization legally responsible for the use thereof by such resident or relative, * * *."

Teddy's purposes. We agree with the trial court's conclusion that Teddy was "using" the car at the time of the accident. The annotator at 4 ALR3d 10, 17 (1965), states: "The words 'use' and 'using' are generally held to be broader than the terms 'driving' or 'operating,' and to include using the automobile through its operation by another; * * *." *Hardware Mut. Casualty Co. v. Mitnick*, 180 Md 604, 26 A2d 393 (1942), is in accord with this statement.

The trial court did not make a decision whether Cheryle Claybaugh, the driver, was covered. The insurance company contends the trial court erred in such omission and contends that we should make such determination or remand the issue to the trial court for decision.

██ We can do neither. The defendant Claybaugh is a minor of the age of 16, according to the complaint. No guardian was appointed for her and no appearance was made on her behalf in the trial court or this court. The trial court stated it made no findings of her rights or duties. Under these circumstances we can neither decide the issue involving the minor or remand. ORS 13.041 requires that a minor appear in any action by a guardian. *Kessler v. Kerr*, 150 Or 447, 453, 43 P2d 616 (1935), held: "A court *of equity* could not enter a decree against minors unless such minors were represented either by a general guardian or a guardian *ad litem*: * * *." (Emphasis added.) The same limitation would be applicable in a law action.

Affirmed.