Argued and submitted May 30,
affirmed July 21, reconsideration denied August 26,
petition for review allowed October 28, 1980

STATE OF OREGON,
*Respondent,*
*v.*
PERRY JOE DUGGAN,
*Appellant.*

(No. T66761, CA 16704)

613 P2d 1110

Kevin J. Freeman, Lebanon, argued the cause for appellant. On the brief were Thomas J. Reuter, and Morley, Thomas, Kingsley & Reuter, Lebanon.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

[219]

**RICHARDSON, J.**

Defendant appeals his conviction of driving a motor vehicle while his operator's license was suspended, ORS 487.560(1).

The trial was on stipulated facts. Defendant was observed by a police officer while steering a motor vehicle which was being towed by another vehicle on a public highway. Defendant's license was suspended and he admitted this fact to the officer. The sole issue is whether defendant's conduct constituted "driving" for the purposes of ORS 487.560.[1]

ORS 487.005(5)[2] states:

" 'Driver' or 'operator' means any person who is in actual physical control of a vehicle."

A person can be in actual physical control of a motor vehicle even though the vehicle is not being propelled by its own motive power. While a vehicle is being towed, the person behind the wheel assumes responsibility for steering and braking the vehicle in a safe manner. Although the operator of a towed vehicle does not control the speed or gross direction of travel of the vehicle, he has control within the confines of the linkage to the towing vehicle. Unless properly operated, the towed vehicle could go into the adjoining

---

[1] ORS 487.560 provides:

"(1) A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when his license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division or revoked by the division or if he drives a motor vehicle outside the restrictions of a license issued under ORS 482.475 or 482.477.

"* * * * *"

[2] ORS 481.100, which provides:

"Towing, pushing, or otherwise propelling a vehicle upon a highway when any part of the vehicle touches the highway, is considered the operation or movement of the vehicle on the highway within the provisions of this chapter."

is not applicable. That statute is in the registration of vehicles chapter and by its terms is applicable only thereto.

lanes of travel or off of the road, and if not properly braked, could run into the towing automobile. Consequently, the towed vehicle has the potential of creating a hazard if not properly operated or controlled.

Oregon appellate decisions offer little assistance in determining this issue. In *State of Oregon v. Smith,* 198 Or 31, 255 P2d 1076 (1953), the court addressed the issue of whether defendant could be charged with negligent homicide, OCLA, § 23-410a, when a trailer he was towing came uncoupled from his vehicle and struck decedent. The court affirmed the order sustaining defendant's demurrer to the indictment, stating:

"* * * As applied to vehicles, the verb 'drive' means '[t]o urge on and direct the motions or course of * * * an automobile * * *." 198 Or at 35.

Based on the facts as alleged in the indictment the defendant was not "driving in a negligent manner" as required for conviction under the statute. The court did not hold the vehicle driven had to be propelled by its own power. Such a holding would have been unnecessary to a decision in the case.

In *State v. Martinelli,* 6 Or App 182, 485 P2d 647, *rev den* (1971), we were concerned with whether the negligent homicide statute, ORS 163.091, applied where defendant stopped his vehicle on a railroad track, fell asleep and the vehicle was struck by a train, killing one passenger. We held that before a person could be considered to be driving a motor vehicle, for the purposes of the statute, the vehicle must have been in motion. It was unnecessary for us to determine if the statute comprehended operation of a vehicle which was not moving under its own power.

We have been referred to numerous cases from other jurisdictions which bear on the issue. There is by no means a unanimity of opinion as to what constitutes driving for the purposes of various motor

vehicle statutes.[3] The better reasoned opinions support the conclusion we embrace in this case, that a person who physically controls a towed vehicle is driving the vehicle for purposes of ORS 487.560.

Affirmed.

---

[3] In *State v. Tacey,* 102 VT 439, 150 A 68, 68 ALR 1353 (1930), defendant, who was steering a towed vehicle, was found guilty of operating a vehicle while intoxicated. Defendants who were steering vehicles being pushed have also been found guilty of driving while intoxicated. *Walker v. State of Ark.,* 241 Ark 396, 408 SW2d 474 (1966); *Duckett v. State,* 108 Ga App 317, 132 SE2d 811 (1963); *Hester v. State,* 196 Tenn 680, 270 SW2d 321, 47 ALR2d 568 (1954); *Chamberlain v. State,* 163 Tex Cr 529, 294 SW2d 719 (1956); *Rogers v. State,* 147 Tex Cr 602, 183 SW2d 572 (1944). Similarly, a defendant who guided a vehicle which was being pushed, was convicted of driving or operating a motor vehicle without the owner's permission. *State v. Edmonson,* 371 SW2d 273 (Mo 1963). We found two cases which are *contra.* In *Dewhirst v. Connecticut Co.,* 96 Conn 389, 114 A 100 (1921), a tort case, the court stated that an unlicensed person was not driving where he guided a towed vehicle. In *City of Toledo v. Burks,* 100 Ohio Ap 127, 60 Ohio Op 104, 136 NE2d 150 (1955), defendant's conviction for driving a motor vehicle without a license was overturned where the vehicle was being towed.