Argued and submitted on December 3, 1980, reversed January 20, 1981

# STATE OF OREGON,
*Respondent,*
*v.*
# PERRY JOE DUGGAN,
*Petitioner.*

## (No. T66761, CA 16704, SC 27221)

622 P2d 316

Kevin J. Freeman, Lebanon, argued the cause for petitioner. With him on the petition was Morley, Thomas, Kingsley & Reuter, Lebanon.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Denecke, Chief Justice, and Tongue, Lent, Linde, Peterson and Campbell, Justices.

TONGUE, J.

**TONGUE, J.**

Defendant was convicted of driving a motor vehicle while his operator's license was suspended in violation of ORS 487.560. At the time of his arrest he was steering a vehicle being towed by another vehicle on a public highway. He appealed his conviction to the Court of Appeals, contending that his conduct did not constitute the "driving" of a "motor vehicle" for the purposes of ORS 487.560.

The Court of Appeals affirmed defendant's conviction upon the ground that a person who physically controls a towed vehicle by steering and braking the vehicle is "driving" the vehicle for the purposes of ORS 487.560. 47 Or App 219, 613 P2d 1110 (1980). Defendant petitioned for review, contending: (1) That the Court of Appeals was in error in holding that he was "driving" the towed vehicle and (2) that the Court of Appeals was also in error in rejecting, without discussion, defendant's further contention that the vehicle being towed was a "motor vehicle" for the purposes of ORS 487.560. We granted defendant's petition for review primarily because of our concern over the question arising from defendant's second contention.

ORS 487.560(1) provides:

"A person commits the crime of driving while suspended if he drives a *motor vehicle* upon a highway during a period when his license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division * * *." (Emphasis added)

ORS 483.014 provides:

"As used in this chapter and *ORS Chapter 487,* except where the context otherwise requires:
"* * * * *
"(3) 'Motor vehicle' means any vehicle which *is self-propelled.*" (Emphasis added)

By contrast, ORS Chapter 481 relating to motor vehicle registration includes ORS 481.100, which provides that:

"Towing, pushing or otherwise propelling a vehicle upon a highway when any part of the vehicle touches the highway, is considered the operation or movement of the vehicle on the highway within the provisions of *this chapter.*" (Emphasis added)

No such provision relating to the towing of vehicles is included in ORS Chapter 487, which includes, among other things, ORS 487.560 and other provisions relating to major traffic offenses and "rules of the road."

In construing these statutes, we note that ORS 161.025(1) provides:

"Purposes; principles of construction.

"(1) The general purposes of chapter 743, Oregon Laws 1971, are:

"* * * * *

"(c) To give fair warning of the nature of the conduct declared to constitute an offense and of the sentences authorized upon conviction. * * *"

Although ORS 161.025 states a "purpose" and "principle of construction" for application in the interpretation of the penal statutes as defined in ORS Title 16, we believe that it states a well-established legislative policy which is equally applicable in the interpretation of "major traffic offenses" as defined in ORS Chapter 487, including ORS 487.560.

As previously noted, ORS 483.014 defines the term "motor vehicle" for the purposes of ORS 487.560 as "any vehicle which is self-propelled." The state contends that this definition is "neither vague nor ambiguous." In order to sustain that contention the state says that "the definition of a motor vehicle as one which is 'self propelled' is a redundancy." The state also contends that even if the statute is ambiguous, its position is supported by legislative history which demonstrates that in enacting this statute the legislature intended to cover persons steering towed vehicles.

We disagree. Although it may be reasonable to contend that one who reads these statutory provisions is given "fair warning" that they were intended to include all vehicles which are *designed* to be self-propelled, we believe that it would be equally reasonable for one reading this provision to conclude that its intent was to include only vehicles which are *in fact* self-propelled. At the least, we believe that this statute is ambiguous in this respect.

In Chapter 481, relating to motor vehicle registration, the legislature resolved any such ambiguity by specifically providing in ORS 481.100 that vehicles under tow were covered by the provisions of that chapter. The legislature did not, however, resolve the ambiguity in ORS 483.014 by including in Chapter 483 or 487 any provision relating to towed vehicles.

■ In the absence of such a provision we conclude that ORS 487.560 and ORS 483.014 are not only ambiguous, but that they do not satisfy the requirements of "fair warning of the nature of the conduct declared to constitute an offense" under the terms of these statutes. Indeed, these statutes may well be so ambiguous as to be unconstitutionally void for vagueness as applied to persons who steer and brake vehicles being towed. When a statute directly forbids certain conduct or the risk of a penalty, this court has held that vagueness is incompatible with due process of law. *Andersen v. Peden,* 284 Or 313, 324, 587 P2d 59 (1978). This court has also held that in construing a statute and in choosing between alternative interpretations of an ambiguous statute, this court must choose the interpretation which will avoid any serious constitutional difficulty. *Tharalson v. Dept. of Revenue,* 281 Or 9, 13, 573 P2d 298 (1978).

It is contended by the dissent that the words "which is self-propelled" are "descriptive of the vehicle" and are "adjectives to denote a quality of the thing named." If this were not a criminal statute it might be reasonable to adopt such an interpretation. Because this is a criminal statute and one which, in our opinion, is ambiguous in that it admits of two reasonable and contradictory constructions, and because a defendant must be given "fair warning" of the nature of the conduct declared to constitute a criminal offense, it follows, in our opinion, that this defendant was entitled to the benefit of the more lenient construction of this statute.

■ ■ For these reasons, we construe the words "any vehicle which is self-propelled," as provided in ORS 483.014 and as applied to persons who steer or brake vehicles under tow, to mean a vehicle which is in fact "self-propelled." For the same reasons we hold that the defendant in this case was not driving a "motor vehicle" for the

purposes of ORS 487.560. We therefore reverse the decision by the Court of Appeals and the conviction of the defendant in this case.

Reversed.

**PETERSON, J.,** dissenting.

I dissent.

I do not agree that a towed motor vehicle is not within the definition of "motor vehicle," as that term is defined in ORS 483.014. The words "which is self-propelled," as used in ORS 483.014, are intended to be, and are, descriptive of the vehicle.

If one asks me if my parked automobile "is self-propelled," I would answer in the affirmative. The words "self-propelled," as used in ORS 483.014(3), are adjectives to denote a quality of the thing named.[1]

The majority would construe "is self-propelled" to mean "any vehicle which, at the time, is being self-propelled." In construing a statute, words should be given their normal, accustomed meaning.[2] Under the majority opinion, a driver coasting his or her vehicle down Mt. Hood, with the motor not running, is not driving a motor vehicle on a highway. This construction seems strained.

Further, in construing a statute, the policy and objectives of the legislation are worthy of consideration. The purpose of ORS 487.560 is to promote highway safety by deterring persons whose licenses have been revoked from driving on public highways. The majority opinion is not in harmony with that policy.[3]

I further disagree that the statute may be "unconstitutionally void for vagueness." The majority cites ORS 161.025 as reflecting legislative policy in construing this statute. ORS 161.025(2) provides that penal statutes are not to be strictly construed, and that this statute (among others) "* * * shall be construed according to the fair import

---

[1] See Webster's New International Dictionary of the English Language, 2d ed, page 33.

[2] *State ex rel Nilsen v. Ore. Motor Ass'n,* 248 Or 133, 137, 432 P2d 512 (1967).

[3] *Id.*

of its terms, to promote justice and to effect the purposes stated in subsection (1) of this section."[4]

The entire problem can be resolved by a simple amendment to ORS 483.014, defining "motor vehicle" as that term is defined in ORS 481.040(1).[5]

---

[4] In all fairness, I should note that ORS 161.025(1)(c) states:

"(1) The general purposes of chapter 743, Oregon Laws 1971, are:

"\* \* \* \* \*.

"(c) To give fair warning of the nature of the conduct declared to constitute an offense and of the sentences authorized upon conviction."

[5] ORS 481.040(1):

"As used in this chapter, except where the context otherwise requires:

"(1) 'Motor vehicle' means every self-propelled vehicle and vehicle designed for self-propulsion except road rollers, farm tractors, traction engines and police ambulances."