Argued and submitted November 30, 1981, affirmed June 16, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT T. FISHER,
*Appellant.*

## (No. M29827, CA A21605)

646 P2d 652

James F. O'Rourke, Jr., Portland, argued the and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave

Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Virginia L. Linder, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction in a trial by jury for driving while under the influence of intoxicants. The sole assignment is that the court erred in denying his motion to suppress the results of a breathalyzer test. We affirm.

Defendant contends that ORS 487.545(1) limits the use of chemical breath test results to cases involving the operation of motor vehicles. He argues that he was not operating a motor vehicle and thus the test result was not admissible. The facts material to this issue are not disputed.

A police officer, who was standing near his police car at night, saw an automobile coasting down the inclined street without its headlights illuminated. The vehicle coasted down the street and struck the police car. The officer went to the vehicle and observed defendant sitting behind the steering wheel. The engine was not running, and there were no keys in the ignition switch. The officer asked the defendant why he was coasting down the hill without his headlights on, and defendant replied that he had lost the car keys and was trying to start the car by coasting down the hill. Defendant was arrested and submitted to a breathalyzer test, which showed a result of .21 percent blood alcohol.

Defendant moved, pretrial, to suppress the breathalyzer results on the ground that he was not driving a motor vehicle that was propelled by its own motor power. Defendant concedes that he could properly be convicted of driving while under the influence of intoxicants under ORS 487.540, which provides: "A person commits the offense of driving while under the influence of intoxicants if [he] drives a *vehicle* * * *." The term *vehicle* includes "every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, except devices: Moved exclusively by human power * * *." ORS 483.030(5). Defendant's motion to suppress the breathalyzer result is based on the language of ORS 487.545(1):

"At the trial of any civil or criminal action, suit or proceeding arising out of the acts committed by a person

driving a *motor vehicle* while under the influence of intoxicants, if the amount of alcohol in the person's blood at the time alleged is less than. 10 percent by weight of alcohol as shown by chemical analysis of the person's breath, blood or urine, it is indirect evidence that may be used with other evidence, if any, to determine whether or not the person was then under the influence of intoxicants." (Emphasis added.)

He argues that the term "motor vehicle," as defined in ORS 483.014(3), has a meaning different from the term "vehicle." ORS 483.014 provides:

"As used in this chapter and ORS chapter 487, except where the context otherwise requires:

"\* \* \* \* \*

"(3) 'Motor Vehicle' means any vehicle which is self-propelled."[1]

Defendant contends that, under ORS 487.545(1), breathalyzer evidence may be used only in cases where a person is driving a motor vehicle. At the time he was driving, he argues, his vehicle was not self-propelled. It follows, he contends, that the breathalyzer result should have been suppressed. In support of his argument he cites *State v. Duggan,* 290 Or 369, 622 P2d 316 (1981).

In *Duggan,* the Supreme Court concluded that the definition of a motor vehicle means that the vehicle was being self-propelled at the time the alleged offense was committed, whether or not the vehicle was designed to be self-propelled. The court held that the defendant, who was steering and braking an automobile which was being towed by another vehicle, was not driving a motor vehicle and could not be convicted of driving while his operator's license was suspended. We do not read that opinion to apply in all instances where a vehicle is moving without the motor running. The court was not faced with a fact situation involving a vehicle which was being propelled by

---

[1] ORS 483.014(3) was amended by Or Laws 1981, ch 818, § 7a, to read:

" 'Motor vehicle' means every self-propelled vehicle or vehicle designed for self-propulsion."

The legislature has been less than precise in using the terms "vehicle" and "motor vehicle." *See* ORS 487.540; 487.535(2); 487.550; 487.555; 487.625; 487.805; 487.839.

gravity and appeared to limit its holding to vehicles which were being towed.

 It is unnecessary, however, to distinguish *Duggan*. The rules of statutory construction of criminal statutes set out in ORS 161.025 apply to the interpretation of the motor vehicle code. *State v. Duggan, supra.* ORS 161.025(2) provides that penal statutes are not to be strictly construed, but are to be construed according to the fair import of the terms and to promote the general purposes specified in ORS 161.025(1). ORS 483.014 states that the definitions set forth apply to terms in chapter 487, "except where the context otherwise requires." ORS 487.545, relied on by defendant, must be interpreted in context. It is part of the implied consent law which is designed to allow the state to obtain evidence and introduce such evidence to prove a violation of ORS 487.540. ORS 487.805 provides that, if a person is arrested for violation of ORS 487.540, the state may obtain a chemical test of that person's blood. It is illogical and unreasonable to assume that the legislature intended to allow conviction of a person coasting a vehicle down an inclined street while under the influence of intoxicants, but to prevent the state from obtaining and admitting evidence of that offense. It is unreasonable to say, consistent with defendant's argument, that the test can be taken, but not received in evidence. Defendant's motion to suppress was properly denied.

Affirmed.