Argued and submitted April 23, affirmed;
remanded with instructions August 25, 1982

## STATE OF OREGON,
*Respondent,*
*v.*
## FRANKLIN TURNER,
*Appellant.*

(No. C 81-05-32519, CA A22689)

650 P2d 89

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his convictions for operating a motor vehicle in violation of a court order and felony driving while suspended. He makes two assignments of error, contending first that the evidence was insufficient to prove beyond a reasonable doubt that he was driving an operable motor vehicle and, second, that the trial court was without authority to order restitution.

The state's evidence included the testimony of two witnesses who were at a service station at Southeast 49th and Stark in Portland on May 2, 1981. A 14-year old witness testified that, while a friend of hers used the telephone in a booth on the same corner as the service station, a man drove into the station. He was alone in the car; he got out, came over to the phone booth, asked to use the phone and made a phone call. She also testified that a few minutes later another man and a woman showed up in a second car and pushed the first car into the street. A 12-year old witness testified that she had not see the first car drive into the station, but she did see a man, alone, in the car parked at the station, and she identified defendant as that man. She also testified that defendant made a phone call and that a man and a woman showed up a few minutes later to push defendant's car.

Defendant's version of the facts, testified to by himself and corroborated by Donald Jawes, is that on May 2, 1981, Jawes drove defendant and Jawes' girlfriend in defendant's mother's car to a store. On the way home, the engine quit running, and Jawes coasted the car into the gas station, which was closed. Jawes and his girlfriend then walked six blocks to get another car, and defendant stayed in the first car at the station. On their return, Jawes and his girlfriend pushed defendant's mother's car while defendant steered it. The car started rolling into the street, and defendant jumped inside to put on the brakes; before it stopped, it struck the left rear fender of another car. The driver of the damaged car called the police, and Jawes then pushed defendant's mother's car, with defendant steering it, down the street towards defendant's home.

■■ In criminal cases, when determining whether there is sufficient evidence to support a jury verdict, the relevant

question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980). To be convicted of driving while suspended, defendant must have been the driver of an operable motor vehicle that was, in fact, self-propelled. *State v. Duggan,* 290 Or 369, 622 P2d 316 (1981). Here, there was conflicting evidence about who was driving the car before it entered the service station. In *State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1977), the Supreme Court stated:

> "* * * After a verdict of guilt, or in deciding whether the case should be submitted to the jury, *such conflicts must be treated as if they had been decided in the State's favor.* After the conflicts have been so decided, we take such decided facts together with those facts about which there is no conflict and determine whether the inferences that may be drawn from them are sufficient to allow the jury to find defendant's guilt beyond a reasonable doubt. * * *" (Emphasis supplied.)

Deciding the conflicts in the state's favor, we conclude that a car came from the street into the service station and that it was controlled by defendant. Defendant's evidence established that it was self-propelled until the engine failed. The jury could have inferred from those facts that defendant was operating a self-propelled motor vehicle before the engine stopped and the car entered the gas station. Defendant's convictions are affirmed.

■ Defendant also challenges the authority of the trial court to award restitution to the owner of the damaged car. ORS 137.106 authorizes a court to order restitution when a defendant's criminal activities have resulted in pecuniary damages and when a causal relationship between the activity and the damage has been established. *State v. Dillon,* 292 Or 172, 181, 637 P2d 602 (1981).

In the present case, defendant's only criminal activity was driving while his license was suspended and in violation of a court order. The damage to the victim's car occurred sometime later while defendant was steering the car as it was being pushed out into the street. Under *State v. Duggan, supra,* defendant was not driving a motor vehicle and, therefore, was not involved in criminal activity

when the impact occurred. There being no causal relationship between defendant's criminal activity and the pecuniary damage to the victim's automobile, the trial court was without authority to award restitution.

Affirmed; remanded for resentencing to eliminate the provision ordering restitution.