STATE OF OREGON,
*Respondent,*

*v.*

ROBERT DEAN,
*Appellant.*

(M3-701; CA A39097)

733 P2d 105

Carl William Hopp, Jr., Bend, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Philip Schradle, Assistant Attorney General, and Jeff Ellis, Certified Law Clerk, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for driving under the influence of intoxicants. *Former* ORS 487.540.[1] He was stopped on suspicion of DUII while he was steering and braking a vehicle that was being towed by another vehicle on a public highway. He argues that he was not in actual physical control of the vehicle being towed and, therefore, that he was not driving.[2] We affirm.

In *State v. Duggan,* 47 Or App 219, 613 P2d 1110 (1980), *rev'd on other grounds,* 290 Or 369, 622 P2d 316 (1981), we interpreted *former* ORS 487.005(5), which then provided: " 'Driver' or 'operator' means any person who is in actual physical control of a vehicle." We stated:

"A person can be in actual physical control of a motor vehicle even though the vehicle is not being propelled by its own motive power. While a vehicle is being towed, the person behind the wheel assumes responsibility for steering and braking the vehicle in a safe manner. Although the operator of a towed vehicle does not control the speed or gross direction of travel of the vehicle, he has control within the confines of the linkage to the towing vehicle. Unless properly operated, the towed vehicle could go into the adjoining lanes of travel or off of the road, and if not properly braked, could run into the towing automobile. Consequently, the towed vehicle has the potential of creating a hazard if not properly operated or controlled."

"* * * * *

---

[1] At the time of the offense, *former* ORS 487.540 provided:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a) Has .10 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath, blood or urine of the person made under ORS 487.805 to 487.815 and 487.825 to 487.835; or

"(b) Is under the influence of intoxicating liquor or a controlled substance * * *."

[2] Defendant also assigns error to this jury instruction:

"If you find from the evidence that the defendant was steering a vehicle being towed, this constitutes driving a vehicle for the purposes of Driving Under the Influence of Intoxicants."

His principal argument, however, is simply a restatement of his argument on the first assignment and is without merit. Moreover, the instruction is not a comment on the evidence. *See* ORCP 59E.

"[We conclude] that a person who physically controls a towed vehicle is driving the vehicle for purposes of [the driving while suspended statute]." 47 Or App at 221.

The Supreme Court reversed, because the definition of a motor vehicle in the statute required that the vehicle be self-propelled at the time when the offense was committed.[3] The court did not, however, question our conclusion that the defendant was "in actual physical control" of the vehicle. We adhere to our reasoning in *Duggan* and hold that a person who is steering and braking a vehicle being towed is "driving" for purposes of *former* ORS 487.540.

Affirmed.

---

[3] *Former* ORS 483.014(3) provided: " 'Motor vehicle' means any vehicle which is self-propelled." The legislature adopted the suggestion in Judge Peterson's dissent in *Duggan* and amended that statute to include vehicles designed for self-propulsion. Or Laws 1981, ch 818, § 7a.