Argued and submitted April 24, 1992, affirmed June 16, 1993

# AMERICAN ECONOMY INSURANCE COMPANY,
*Respondent,*

*v.*

## Janice HUGHES
and Robert Hughes,
husband and wife,
*Respondents,*

*and*

## Peter J. PACHECO,
*Appellant.*

## (9102-00911; CA A70353)

854 P2d 500

Timothy J. Vanagas, Gresham, argued the cause for appellant. With him on the brief was Jennings & Vanagas, Gresham.

Thomas M. Christ, Portland, argued the cause for respondent American Economy Insurance Company. With him on the brief was Mitchell, Lang & Smith, Portland.

No appearance for respondents Janice Hughes and Robert Hughes.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant Pacheco appeals from a summary judgment for American Economy Insurance Company (plaintiff). The trial court entered a declaratory judgment that plaintiff had no duty to defend or indemnify its insureds, Janice and Robert Hughes. The issue is whether Robert was using an automobile within the automobile use exclusion of the Hughes' homeowners insurance policy when, as a passenger, he interfered with Janice's operation of the vehicle. We affirm.

On August 5, 1990, Janice was driving in Gresham. Her husband, Robert, sat in the passenger seat. They argued. Robert grabbed the steering wheel and depressed the accelerator, and Janice lost control of the car. It travelled onto the sidewalk and struck Pacheco, who was jogging, causing him serious injury. Pacheco sued the Hughes, who tendered defense of the claim to plaintiff, their homeowners insurance carrier. Plaintiff rejected the defense and brought this declaratory judgment action in which it denied that it had a duty to defend or indemnify the Hughes. The trial court agreed.

■ We determine whether plaintiff has a duty to defend by examining the terms of the insurance contract and comparing them to the allegations in the complaint asserting liability. We assume that the allegations are true. *Riedel v. First National Bank*, 287 Or 285, 294, 589 P2d 302 (1979); *Oakridge Comm. Ambulance v. U.S. Fidelity*, 278 Or 21, 24, 563 P2d 164 (1977).

> "If the complaint, without amendment, may impose liability for conduct covered by the policy, the insurer is put on notice of the possibility of liability and it has a duty to defend." *Ferguson v. Birmingham Fire Ins.*, 254 Or 496, 507, 460 P2d 342 (1969).

■ Plaintiff's homeowner's policy covered liability for personal injury, but it contained this coverage exclusion:

> "Coverage E - Personal Liability and Coverage F - Medical Payments to Others do not apply to bodily injury or property damage:
>
> "* * * * *
>
> "e.   arising out of:

"(1) the ownership, maintenance, *use*, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured." (Emphasis supplied.)

Defendant concedes that the exclusion applies to Janice but contends that Robert's conduct in grabbing the steering wheel and depressing the accelerator was neither "use" nor "operation" of the vehicle.

In *State Farm Mutual Auto. Ins. Co. v. White*, 60 Or App 666, 670, 655 P2d 599 (1982), *rev den* 294 Or 569 (1983), we held that a passenger's action in grabbing a steering wheel did not constitute " 'using' or 'operating' a motor vehicle within the meaning" of the exclusion clause in that case. However, *White* is not controlling. The statement that the passenger did not "use" the vehicle is dicta. The case decided only that the passenger's action did not constitute "operating" the vehicle.

■     An exclusion for "using" a motor vehicle is broader than one for "operating" a motor vehicle. *See Signal Ins. Co. v. Mission Ins. Co.*, 254 Or 603, 606, 462 P2d 669 (1969); *Oregon Mutual Ins. v. Hollopeter*, 251 Or 619, 623, 447 P2d 391 (1968). In *Hollopeter*, the insured loaned his car to his son. Contrary to the father's instructions, the son permitted a friend to drive it with the son as a passenger. A collision occurred, injuring the occupants of the other vehicle. The son claimed that he was entitled to coverage because, as a passenger, he was "using" the car within the meaning of the coverage clause. The Supreme Court agreed.

Defendant is correct that *Hollopeter* involved the interpretation of a coverage clause and that we construe exclusion clauses narrowly. *United Pac. Ins. v. Truck Ins. Exch.*, 273 Or 283, 293, 541 P2d 448 (1975). However, even if we apply that rule here, we conclude that, at the time of the accident, both Robert and Janice were "using" the car for transportation. That use is unaffected by his decision to grab the steering wheel and depress the accelerator while arguing with his wife.

Affirmed.