Argued and submitted November 30, 1992, reversed and remanded June 23, 1993

STATE OF OREGON,
*Appellant,*

*v.*

CRAIG ALLEN CRUZ,
*Respondent.*

(90-1680-M; CA A74354)

855 P2d 191

Jas. Adams, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James Varner, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

_____

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

The state appeals from a pretrial order suppressing evidence that defendant was driving while under the influence of intoxicants (DUII). ORS 813.010. We reverse.

The single issue in this case is whether defendant was "driving" a motor vehicle, as required by ORS 813.010. The record discloses that, while riding in the passenger seat of a car, defendant grabbed the steering wheel and caused the car to jerk back and forth. Defendant's wife, who was sitting in the driver's seat, stopped the car by applying the brakes. Defendant then caused the car to accelerate rapidly by depressing the accelerator. Defendant's wife again stopped the car by applying the brakes. An officer who saw the car being driven in an erratic manner stopped the car and arrested defendant for DUII. On the way to the police station after his arrest, defendant said that he had grabbed the steering wheel in an attempt to pull the car over to the side of the road. He submitted to an Intoxilyzer test at the station.[1]

Defendant moved to suppress the results of the Intoxilyzer test and his statement that he grabbed the steering wheel, on the ground that he was not "driving" the car within the meaning of ORS 813.010. He argues that he was only a passenger in the car and that, as a result, the arresting officer lacked probable cause to arrest him for DUII.[2] The trial court agreed with defendant and granted his motion to suppress. We review the trial court's legal conclusion that defendant was not "driving," within the meaning of ORS 813.010, for an error of law.

When construing any statute, it is our task to discern and declare the intent of the legislature. *Star Rentals v. Seeberg Constr.*, 66 Or App 822, 825, 677 P2d 708, *rev den* 297 Or 124 (1984). ORS 813.010(1) provides that a person "commits the offense of driving while under the influence of intoxicants if the person *drives* a vehicle while the person" is under the influence of intoxicants. (Emphasis supplied.) Nowhere in the motor vehicle code is the term "drive"

---

[1] The record does not disclose the results of the Intoxilyzer test.

[2] Defendant's motion to suppress is based exclusively on the theory that he was not "driving" the car. He does not contend that the arresting officer lacked probable cause to believe that he was under the influence of an intoxicating substance.

defined. However, ORS 813.100(1), Oregon's implied consent law, provides that any person who "operates" a motor vehicle in public or on a highway

"shall be deemed to have given consent [to an intoxilyzer test] for the purpose of determining the alcoholic content of the person's blood if the person is arrested for *driving a motor vehicle while under the influence of intoxicants in violation of ORS 813.010\* \* \**. A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been *driving while under the influence of intoxicants in violation of ORS 813.010 \* \* \**." (Emphasis supplied.)

The purpose of the implied consent law is to permit the state to gather and introduce evidence to prove a violation of ORS 813.010. *See State v. Fisher,* 57 Or App 776, 780, 646 P2d 652 (1982) (construing *former* ORS 487.805).[3] It is therefore unreasonable to suppose that the legislature intended that a person who is "operating" a motor vehicle, and therefore subject to the implied consent law, may not be "driving" for purposes of ORS 813.010. Put another way, it is untenable to suggest that the legislature contemplated the police administering breathalyzer tests to persons "operating" motor vehicles under ORS 813.100 but not "driving" under ORS 813.010. The logical conclusion is that the legislature intended that a person who "operates" a motor vehicle, within the meaning of ORS 813.100, also "drives," under ORS 813.010.

■■■ ORS 801.100 provides that the definitions set forth in chapter 801 apply to terms in chapter 813, "[e]xcept where the context requires otherwise." The term "operation" is defined in ORS 801.370 as *"any* operation, towing, pushing, *movement or otherwise propelling*." (Emphasis supplied.) Nothing indicates that that definition should not be applied in this context. By taking hold of the steering wheel and pressing the accelerator, defendant moved and propelled the car. As a result, we conclude that he was "driving," for purposes of ORS 813.010.[4]

---

[3] *Former* ORS 487.805 was repealed by Oregon Laws 1983, chapter 338, section 978.

[4] Defendant relies on *State Farm Mutual Auto Ins. Co. v. White,* 60 Or App 666, 655 ⸱⸱ ⸱ 99 (1982), *rev den* 294 Or 569 (1983), as support for his position that he did

The trial court erred in granting defendant's motion to suppress.[5]

Reversed and remanded.

---

not "drive" the car, but merely "interfered" with his wife's driving. We do not believe that our analysis in *State Farm*, which related solely to the issue of insurance coverage, is appropriate for determining whether the legislature intended an intoxicated person steering and accelerating a car to be subject to the criminal proscription against DUII. ORS 813.010 is to be construed to promote the purposes of the criminal code, which are specified in ORS 161.025(1). *See State v. Fisher, supra,* 57 Or App at 780. ORS 161.025(1)(a) and (b) declare that the criminal code is designed "[t]o insure the public safety" and to prevent conduct that "unjustifiably and inexcusably * * * threatens substantial harm to individual or public interests." An intoxicated person who seizes control of a vehicle's steering mechanism or who presses on the brake or accelerator pedal poses a genuine threat to the safety of the general public, regardless of where the person is situated in the vehicle. That person should be, and is, subject to criminal punishment under ORS 813.010.

[5] Recently, in *American Economy Ins. Co. v. Hughes,* 121 Or App 183, 854 P2d 500 (1993), we were confronted with facts remarkably similar to those here. However, in *American Economy,* the issue was whether a homeowners insurance policy exclusion for "using" a motor vehicle, rather than "operating" one, prevented coverage. As we noted in *American Economy,* "[a]n exclusion for 'using' a motor vehicle is broader than one for 'operating' a motor vehicle." 121 Or App at 186. Moreover, like *State Farm Mutual Auto Ins. v. White, supra* n 4, *American Economy* dealt solely with the issue of insurance coverage and, therefore, is inapposite for determining whether a person should be subject to criminal liability under ORS 813.010.