Argued and submitted May 4, 1994, affirmed February 15, 1995

## In the Matter of the Suspension of
## the Driving Privileges of

### Larry Lloyd MOE,
*Appellant,*

*v.*

### MOTOR VEHICLES DIVISION,
*Respondent.*

(9304-02245; CA A81115)

889 P2d 1334

Thomas K. Coan argued the cause and filed the brief for appellant.

Jas. Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiff appeals the judgment of the trial court affirming a Motor Vehicles Division (MVD) license suspension order for refusing to submit to a breath test. ORS 813.100(3). We affirm.

The MVD hearings officer found the following facts, which plaintiff does not dispute. Plaintiff consumed three alcoholic beverages before getting into the passenger seat of his friend's parked car. His friend got into the driver's seat, put the keys in the ignition, then changed his mind and got out of the car to urinate. Meanwhile, plaintiff wanted to open the car's electric windows. He turned on the ignition, reached over to push the electric window button on the driver's side and hit the gear shift, knocking the car into gear. The car lurched forward, hitting eight other cars before coming to a stop. When a police officer arrived, plaintiff showed visible signs of being intoxicated, including swaying and slurred speech. The officer administered sobriety tests, all of which plaintiff failed. Plaintiff refused a chemical breath test. The officer arrested plaintiff for driving while under the influence of intoxicants (DUII). Because he had refused to take a breath test, plaintiff's driving privileges were suspended. MVD upheld the order of suspension. Plaintiff sought review by the Multnomah County Circuit Court, which affirmed MVD's order. Plaintiff appeals that judgment.

■ Although this is an appeal from the judgment of the trial court, we review MVD's order. *Oviedo v. MVD*, 102 Or App 110, 113, 792 P2d 1244 (1990). We review for substantial evidence on the record as a whole and for errors of law. ORS 813.450; *Anderson v. MVD*, 116 Or App 179, 181, 840 P2d 1328 (1992).

Plaintiff's sole argument on review is that MVD committed an error of law in suspending his license, because he was not "driving" while under the influence. According to plaintiff, a person situated in the passenger seat of a car who inadvertently knocks the car into gear is not a "driver" within the meaning of the statute that prohibits "driving" while under the influence. Plaintiff contends that the plain meaning of the term "driver" necessitates some volitional action, not merely accidental conduct. If he was not a

"driver" within the meaning of the statute, plaintiff reasons, then he was not properly asked to take the breath test, and his refusal cannot provide the basis for suspension of his driving privileges.

MVD argues that no element of volition is contained in the statute, and that, to the contrary, we have previously construed the statute to include no such requirement. Accordingly, MVD concludes that plaintiff was "driving" while under the influence, and his refusal to take the requested breath test justifies the suspension of his driving privileges. MVD is correct.

■■ The issue turns on the meaning of "driver" and "driving," as those terms are used in the DUII statutes. In construing those terms, we first look to the text and context of the statutes in which they appear. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We also consider prior judicial construction of those terms.[1] *Mathel v. Josephine County*, 319 Or 235, 239-40, 875 P2d 455 (1994). ORS 813.100 provides:

> "(1) Any person who operates a motor vehicle upon premises open to the public or the highways of this state shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath, * * * for the purpose of determining the alcoholic content of the person's blood if the person is arrested for *driving* a motor vehicle while under the influence of intoxicants in violation of ORS 813.010 * * *.
>
> "* * * * *
>
> "(3) If a person refuses to take a test under this section * * * the person's driving privileges are subject to suspension * * *." (Emphasis supplied.)

In *State v. Cruz*, 121 Or App 241, 855 P2d 191 (1993), we addressed whether the defendant, who sat in the passenger seat, grabbed the steering wheel and stepped on the

---

[1] It is occasionally suggested that prior judicial construction actually becomes a part of the language of the statutes themselves. *Mathel v. Josephine County, supra*, 319 Or at 239-40; *State v. King*, 316 Or 437, 445, 852 P2d 190 (1993); *State v. Elliott*, 204 Or 460, 464-65, 277 P2d 754, *cert den* 349 US 929 (1955). That should be understood as a colloquial fiction, articulated for the purpose of emphasizing the particular importance of *stare decisis* in considering prior construction of statutes. *See Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992).

accelerator, was a "driver" within the meaning of the DUII statutes. We noted that those statutes do not define the term "driver" or "driving," but that they do use the term "operation" of a motor vehicle synonymously with "driving," and that the term "operation" is defined as one engaged in "any operation, towing, pushing, movement *or otherwise propelling*" of a motor vehicle. ORS 801.370. (Emphasis supplied.) Accordingly, we defined one who "drives" a car within the meaning of ORS 813.010 and ORS 813.100 as one who operates, tows, moves or otherwise propels it in any way. Applying that definition, we held that the defendant "drove" the vehicle within the meaning of the DUII statutes.

■     In *State v. Cruz, supra,* we did not directly address the question whether any element of volition is contained in the term "driver." We note, however, that the language of the statutes contains no such requirement. We also note that the Supreme Court recently commented, in *State v. Miller,* 309 Or 362, 788 P2d 974 (1990):

> "The offense of DUII does not nor has it ever required proof of a culpable mental state. * * * Never in the 70-year history of this state's legislation has one word been written in any DUII statute to require such proof. Never has this court interpreted any DUII statute to require such proof. * * *

> "DUII is an offense defined outside the Oregon Criminal Code, and the legislative history, in the sense that no one ever considered such a procedural stumbling block, indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any of its material elements." 309 Or at 368.

In the light of the foregoing authority, we are reluctant to read into the statute a requirement of volition, as plaintiff suggests. *See also* ORS 174.010. Therefore, MVD properly concluded that plaintiff was a "driver" of a vehicle within the meaning of ORS 813.010, when he turned on the ignition of the car and, inadvertently or not, placed the car in gear, because these acts constitute the operation, movement or propulsion of the car.

Affirmed.