# STATE OF OREGON,
*Respondent,*

*v.*

# EDDIE ROSSON,
*Appellant.*

## (94-08-35397; CA A89417)

931 P2d 807

Diane L. Alessi, Chief Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Eleanor E. Wallace, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

ORS 137.635 provides that, when a defendant convicted of a felony listed in that statute has been previously convicted of such a felony, the court must impose a determinate sentence. Among the felonies listed in ORS 137.635(2) are manslaughter in the first degree and "[r]obbery in the first degree, as defined in ORS 164.415." In this case, defendant pleaded no contest to a charge of manslaughter in the first degree. Before the commission of that crime, defendant had previously been convicted in Tennessee on a charge of aggravated robbery. The trial court concluded that the Tennessee conviction triggered the application of ORS 137.635 and imposed a determinate sentence. The question in this case is whether that Tennessee aggravated robbery conviction is a conviction for "[r]obbery in the first degree, *as defined in ORS 164.415.*" (Emphasis supplied.) We hold that it is and affirm.

Defendant argues that ORS 137.635 requires the imposition of a determinate sentence only upon a previous Oregon conviction of one of the listed felonies. Out-of-state convictions, he contends, are not mentioned in the statute and may not be read into the statute. The state contends that ORS 137.635 says only that a defendant must have been previously convicted of a listed felony "as defined in" Oregon statutes, not that the convictions must have been imposed by Oregon courts.

The appeal presents solely a question of law, and we review it as such. ORS 138.222(4)(a); *State v. Allison*, 143 Or App 241, 244, 923 P2d 1224, *rev den* 324 Or 487 (1996). In determining the scope of the statute, we attempt to ascertain the intention of the legislature, examining the text of the statute in context and, if necessary, legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Also relevant to the inquiry is any prior judicial construction of the statute. *Moe v. MVD*, 133 Or App 75, 78, 889 P2d 1334 (1995).

ORS 137.635 states that a determinate sentence is required when a defendant convicted of one of the felonies listed in that statute has previously been convicted of, among

other things, "robbery in the first degree, as defined in ORS 164.415." As the state correctly observes, the statute does not require that the convictions have been imposed by an Oregon court or that the convictions have been based on a crime committed in Oregon. It requires only that defendant has been previously convicted of a crime "as defined in" an Oregon statute. In that regard, our decision in *State v. Andre*, 142 Or App 285, 920 P2d 1145, *rev den* 324 Or 229 (1996), is instructive. The issue in that case was whether a previous conviction for burglary in the first degree under an earlier statute constituted "[b]urglary in the first degree, as defined in ORS 164.225." We held that it did:

> "The elements of the burglary for which defendant was convicted in 1971 are the same elements that constitute burglary in the first degree as defined in ORS 164.225. The fact that the statute numbers have changed is not controlling. ORS 137.635 does not state that the prior conviction must have been 'in violation of' the current statute number. If it did, defendant's argument might carry more weight. However, the phrasing is 'as defined in' the current statute. ORS 137.635. *So long as the elements of the crime for which a defendant was convicted constitute a felony as defined by one of the enumerated statutes, ORS 137.635 applies.*"

*Id.* at 289 (emphasis supplied). By the same reasoning, it matters not that the aggravated robbery conviction in this case occurred in Tennessee or that the conviction on that charge took place in Tennessee. So long as the elements of the Tennessee crime for which defendant was convicted constitute robbery in the first degree "as defined in ORS 164.415," the determinate sentence provisions of ORS 137.635 apply.

In this case, defendant makes no argument that the elements of the Tennessee aggravated robbery conviction do not constitute the crime of robbery in the first degree "as defined in ORS 164.415." We conclude, therefore, that the trial court did not err in applying ORS 137.635 in sentencing defendant.

Affirmed.