No. 352 May 30, 2024 769

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GARY RAY HIGGINS,
*Defendant-Appellant.*

Marion County Circuit Court
21CR28894; A178854

Lindsay R. Partridge, Judge.

Submitted April 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant pleaded guilty to unlawful use of a vehicle (UUV), ORS 164.135, and he was sentenced to 24 months of probation. In a single assignment of error, defendant challenges the revocation of his driver's license for one year pursuant to ORS 809.409.[1] Because defendant did not preserve the issue he raises on appeal and the error is not plain on this record, we affirm.

Preliminarily, we reject the state's argument that we may not review this appeal. ORS 138.105(9) provides that we have "no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." Here, in his plea petition, defendant checked a box indicating that he understood that his driving privileges would be suspended. However, at the plea hearing, when describing the parties' agreement, the district attorney stated that he understood that defendant would be arguing against the one-year license revocation. At the same hearing, defendant argued that ORS 809.409 did not apply to the crime of UUV because the term "vehicle" in ORS 164.135 is broader than the term "motor vehicle" in the statute revoking driving privileges. In ruling on that argument, the trial court took judicial notice of the fact that an Acura TL, the vehicle involved in this case, is "a motor vehicle as opposed to, I don't know, a scooter or something else." The trial court therefore concluded that defendant's crime of UUV involved a motor vehicle and imposed the one-year license revocation. Thus, although the parties stipulated to a downward departure sentence of probation, they did not agree that defendant's driver's license should be revoked. As a result, we have authority to review the trial court's decision to revoke defendant's driver's license. *See State v.*

---

[1] ORS 809.409(1)(a) provides that "[u]pon receipt of a record of conviction of an offense described in this section, the Department of Transportation shall revoke the driving privileges of the person convicted." ORS 809.409(1)(c) provides, in part, that "the revocation shall be for a period of one year from the date of revocation[.]" ORS 809.409(4) provides that "[t]he department shall take action under subsection (1) of this section upon receipt of a record of conviction of any felony with a material element involving *the operation of a motor vehicle*." (Emphasis added.) ORS 164.135(1) provides, in part, that a person commits the crime of UUV when the person "knowingly takes, operates, exercises control over or otherwise uses another's *vehicle*, boat, or aircraft[.]" (Emphasis added.)

*Rusen*, 369 Or 677, 696, 509 P3d 628 (2022) (explaining that ORS 138.105(9) "applies to preclude review only of the part of the sentence on which the parties agreed").

Although the appeal is reviewable, we conclude that defendant failed to preserve the issue that he raises on appeal. At the plea hearing, defendant argued that ORS 809.409 did not apply to the crime of UUV because "vehicle" is broader than "motor vehicle." On appeal, defendant argues that the trial court erred in revoking his driver's license because the record of conviction did not establish that he "operated" the vehicle. Below, defendant did not put the state or the trial court on notice that he was challenging whether he operated the vehicle. Because the trial court was not given an opportunity to address that contention, and the factual record may well have developed differently had the matter been raised, we conclude that defendant failed to preserve the issue. *See Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (explaining that preservation "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal," and "also ensures fairness to an opposing party, by permitting the opposing party to respond to a contention and by otherwise not taking the opposing party by surprise").

Alternatively, defendant requests plain-error review of whether the trial court erred in revoking his driver's license. An error is plain when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Here, the error is not apparent on the face of the record without our having to choose among competing inferences. The record suggests that defendant was driving the car because his citation includes a check mark next to the box stating, "Driver Not Reg. Owner." In the factual basis for his plea, defendant admitted that he exercised control over an

Acura TL without the consent of the owner. Although exercising control over a vehicle involves conduct that is broader than driving it, *State v. Howell*, 183 Or App 360, 366-67, 51 P3d 706 (2002), based on the citation, it is reasonable to infer that defendant exercised control over the vehicle *by driving it*. And if he drove it, then his felony involved the operation of a motor vehicle. *See State v. Cruz*, 121 Or App 241, 243-44, 855 P2d 191 (1993) (construing a person who "drives" a vehicle as one who "operates" it under the DUII statutes). Because we cannot rule out that defendant operated the motor vehicle, the error, if any, is not apparent on the face of the record. Furthermore, even if the trial court had plainly erred, we would not exercise our discretion to correct the error. If the issue had been raised below, then more information could have been introduced at the plea hearing regarding *how* defendant exercised control over the vehicle. *See State v. Thackaberry*, 194 Or App 511, 517, 95 P3d 1142 (2004), *rev den*, 338 Or 17 (2005) (declining to exercise discretion to consider claim of plain error because, if an objection had been made below, the record likely would have developed differently). We therefore affirm.

Affirmed.